# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                                  Case No. 09-CR-86

IRVIN YOUNG,

        Defendant.

## RECOMMENDATION ON DEFENDANT'S MOTION TO SUPPRESS

### I. BACKGROUND

On March 24, 2009, a grand jury sitting in the Eastern District of Wisconsin returned a three-count indictment against the defendant, Irvin Young ("Young"). Count One of the indictment charges Young with possessing a firearm, after having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Count Two of the indictment charges Young with knowingly and intentionally possessing with the intent to distribute a mixture and substance containing 5 grams or more of cocaine base in the form of "crack" cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Count Three of the indictment charges Young with knowingly and intentionally possessing with the intent to distribute a mixture and substance containing marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D).

On April 1, 2009, Young was arraigned before this court and pleaded not guilty to all counts. A trial is currently scheduled to be conducted before United States District Judge Lynn Adelman on June 29, 2009. A final pretrial conference is scheduled for June 16, 2009. Currently before the court is Young's motion to suppress physical evidence and a statement Young gave to law enforcement officers. The defendant's motion is now fully briefed and is ready for resolution. For the reasons which follow, it will be recommended that the defendant's motion to suppress be denied.

## II. DISCUSSION

Young's motion seeks to suppress all items seized on February 17, 2009, from a residence at 3748 North 40th Street in Milwaukee. Young also seeks to suppress the statement he gave to law enforcement officers arguing that it was the fruit of the unlawful search.

The key language in the search warrant affidavit, which was executed by Milwaukee Police Officer Jon D. Osowski, and about which the parties offer differing views is as follows:

> 4) The affiant was informed by a confidential informant, who wishes to remain anonymous, that within the last 72 hours, the confidential informant has personally observed a large long barrel revolver along with several amounts of marijuana, in the residence at 3748 North 40th Street in the possession of Irvin B. Young, Black Male 09-19-1971. The confidential informant states that it is familiar with weapons and affiant confirmed through interrogation of the informant that the informant had a sound understanding of firearms basics and knew the difference between semi-automatic weapons, revolvers, rifles, shotguns and non-firearm weapons like compressed air guns. The informant stated that it observed Irvin B. Young with the revolver in his possession while at the residence packaging marijuana into plastic bags for sales on the street. The informant states that Young uses the weapon for protection, and the furtherance of the drug operation conducted out of the residence and during delivery of cocaine, marijuana, and ecstasy. The informant knew the marijuana was marijuana because it has used, sold, and packaged marijuana in the past.

> 5) The affiant believes that the informant is a credible person because the informant is giving law enforcement officer information directly corroborated by the knowledge and past experience of the law enforcement officer. The informant further provides the name and physical description of Irvin B. Young and address (residence) of 3748 N. 40th St. And suspect's auto's [sic] he drives a 1998 Chevrolet Blazer dark green in color with a Wisconsin Green Bay Packer license plate of 29980G observed by the affiant parked in the side driveway at the residence at 3748 N. 40th St. on 2-11-09. A 2000 Dodge Intrepid silver in color registered to Irvin B. Young B/M 09-19-1971 at 3748 N. 40th St. observed parked on the street in front of the residence on 2-12-09. The [i]nformant has no pending criminal cases and was not promised anything for this information. The informant has provided the affiant and other law enforcement agents information over the last 3 years that has led to the arrest and conviction of several individuals for felony offenses and recovery of firearms, narcotics, in the City of Milwaukee and assisted affiant and other [o]fficers in the State of Wisconsin on pending investigations. The informant has provided the affiant information that has led to the issuance of over 50 search warrants and the type of evidence was recovered [sic] at the particular locations provided by the informant has led to criminal charges and convictions in state and federal court.

6) Affiant knows that firearms are not readily destroyed and that they remain in close proximity to individuals engaged in drug dealing and criminal enterprises to protect "turf" or a residence they control for the sale of narcotics and to protect themselves during drug sales transactions from the threat of robbery by customers or rival drug dealers. Affiant investigation and records check with the Milwaukee County Sheriff confirmed that Irvin B. Young, B/M 09-19-1971 is a convicted felon from Milwaukee County cases 2003CF00936 Manufacture/Deliver Marijuana (>1000-2500 grams) case 2001CF006787 Possession with Intent to Deliver Marijuana (<500 grams) and another felony drug case 1996CF961773. Affiant conducted a records check with the Wisconsin Department of Transportation and Irvin B Young, B/M 09-19-1971 provided the address of 3748 N. 40th St. as his home on his valid drivers license.

(Aff. at ¶¶ 5-7.)

My duty in reviewing this search warrant is limited. The duty of a reviewing court is simply to ensure that the issuing judicial officer had a substantial basis for concluding that probable cause existed. *See United States v. Huebner*, 356 F.3d 807, 813 (7th Cir. 2004) (citing *Illinois v. Gates*, 462 U.S. 213, 238-39 (1983). Probable cause is a fair probability that contraband or evidence of a crime will be found in a particular place. *Id.* "Probable cause exists where the known facts and circumstances are sufficient for a reasonably prudent person to form the belief that contraband or evidence of a crime will be found." *United States v. Lake*, 500 F.3d 629, 632 (7th Cir. 2007). "Probable cause denotes more than mere suspicion, but does not require certainty." *United States v. McNeese,* 901 F.2d 585, 592 (7th Cir. 1990) (quoting *Ellery*, 678 F.2d at 677). Probable cause is a fluid concept turning on the assessment of probabilities in a particular factual context. *McNeese*, 901 F.2d at 592. "When an affidavit relies on an informant's tip, the issuing judge must look at the 'totality-of-the-circumstances' to determine whether probable cause exists to issue a search warrant." *United States v. Spry*, 190 F.3d 829, 835 (7th Cir. 1999). "Probable cause does not require direct evidence linking a crime to a particular place. Instead, issuing judges are entitled to draw reasonable inferences about where evidence is likely to be found given the nature of the evidence and the type

3

of offense." *United States v. Anderson*, 450 F.3d 294, 303 (7th Cir. 2006) (internal quotation marks and citations omitted).

A judicial preference is to be accorded warrants in those cases where there is a close or marginal showing of probable cause. *See Spry*, 190 F.3d at 835. In reviewing prior probable cause findings made by a judicial officer in issuing a warrant, great deference is to be accorded to that determination. *United States v. Leon*, 468 U.S. 897, 914 (1984); *United States v. Ventresca*, 380 U.S. 102, 109 (1965). The Court of Appeals for the Seventh Circuit has stated that "[a] magistrate's determination of probable cause is to be given considerable weight and should be over-ruled only when the supporting affidavit, read as a whole in a realistic and common sense manner, does not allege specific facts and circumstances from which the magistrate could reasonably conclude that the items sought to be seized are associated with the crime and located in the place indicated." *United States v. Wiley*, 475 U.S. 908, 914-915 (7th Cir. 2007). "In reviewing *de novo* a magistrate's issuance of a search warrant based on probable cause, the magistrate's decision will be upheld so long as the magistrate had a substantial basis for . . . concluding that a search would uncover evidence of wrongdoing." *United States v. Newsom*, 402 F.3d 780, 782 (7th Cir. 2005).

In a case such as this, where the determination of probable cause is predicated largely on information provided by an informant, courts are to look at several factors to determine if an informant's information was reliable, including the following: (1) the extent to which the police corroborated the informant's statements; (2) the degree to which the informant acquired his knowledge through firsthand observations; (3) the amount of detail provided; (4) the interval between the date the informant observed the events and the date the officer applied for the warrant; and (5) whether the informant personally appeared before or presented an affidavit to the magistrate, thus allowing the magistrate to evaluate his knowledge, demeanor and sincerity. *United States v. Koerth*, 312 F.3d 862,

4

867 (7th Cir. 2002). Because none of these factors is determinative, "a deficiency in one factor may be compensated for by a strong showing in another or by some other indication of reliability." *United States v. Brack*, 188 F.3d 748, 756 (7th Cir. 1999). Stated another way, "[t]he reliability of an informant's information may be shown by the informant's past record of reliability, through independent confirmation or personal observation by the police, or by other methods." *United States v. Rucker*, 138 F.3d 697, 700 (7th Cir. 1998).

In support of his motion to suppress, Young contends that four of the five *Koerth* factors weigh against a finding of probable cause. Specifically, Young contends that (1) the police only corroborated the informant's identification of Young's residence; (2) the informant provided police with vague information regarding Young's alleged possession of a gun and controlled substances; (3) approximately eight days separated the informant's providing the information to the police and the execution of the search warrant at Young's residence; and (4) the informant did not personally appear before the court commissioner, who was therefore not able to independently assess the informant's credibility. (Def.'s Mot. at 5.) Young concludes by asserting that "the information supporting probable cause that contraband could be found in the residence was entirely conclusory, which the Seventh Circuit has made clear is not sufficient to establish probable cause." (Def.'s Mot. at 6.)

After reviewing Young's arguments, I am satisfied that the information provided by the CI in this instance was sufficiently detailed and reliable to support a finding of probable cause. To reiterate, as far the *Koerth* factors are concerned, "a deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability." *Gates*, 462 U.S. at 233. Thus, in examining the defendant's arguments concerning the reliability of the CI's information in the instant case, it is important to view the informant's information and indicia of reliability as a whole and not in insolation. *See United States v. Olson*, 408

5

F.3d 366, 372 (7th Cir. 2005) (holding that "while the weight of each item when assessed separately may be slight, . . . when viewed under the totality-of-the-circumstances standard, altogether provide enough to establish probable cause") (internal quotation marks and citations omitted). As discussed below, a review of the CI's information and indicia of reliability demonstrates that the affidavit in question establishes probable cause for a search of the residence at 3748 N. 40th Street.

At the outset, the CI provided the police with first-hand information concerning Young's alleged possession of a firearm and marijuana. To be sure, the CI's information was, in some respects, a bit conclusory. Specifically, the information provided in the affidavit did not state where inside of Young's residence the CI allegedly observed Young in the possession of the marijuana and firearm in question. The CI did, however, provide a description of the firearm in question as a long-barreled firearm used for the purposes of protecting Young's alleged drug dealing activities. Moreover, the CI made a statement against his/her penal interest by stating that his/her familiarity with marijuana stemmed from his/her past experience using and dealing the drug. This statement provides the CI's statements with yet another indicium of reliability. *See Lake*, 500 F.3d at 633 ("Additionally, the informant's admission that he purchased crack is a statement against his penal interest and thus a weighty factor in establishing probable cause even if the statements have not been proven reliable."); *United States v. Harris,* 403 U.S. 573, 583-84 (1971) ("Admissions of a crime . . . carry their own indicia of credibility – sufficient at least to support a finding of probable cause to search."). The affidavit also states that the CI did not have pending charges nor was he/she working off any charges. This is yet another indicium of reliability in the CI's favor.

Additionally, the affidavit states that the CI had provided the police with information leading to the issuance of over 50 search warrants. Moreover, the affidavit states that the information obtained from these search warrants had led to criminal charges and convictions in both state and federal court.

6

Thus, unlike the CI in *Koerth*, the CI in the instant case had provided reliable information to law enforcement officers in the past. In other words, that the officers would place credence on the CI's information was reasonable. The CI had demonstrated his/her reliability.

Furthermore, the affiant corroborated the CI's identification of Young, his residence and vehicles. The affiant also attested to the fact that he questioned the CI about firearms and believed that the CI was familiar with the types and models of firearms. Moreover, the affiant ran a criminal background check on Young, which revealed a criminal history involving the possession and distribution of marijuana. As the Seventh Circuit has stated, "a record check cannot serve to corroborate an informant's account. . . . Nonetheless, and also like the other items proffered by the affidavit, it does retain some corroborative value." *Olson*, 408 F.3d at 371.

Finally, the information that the CI provided was not months, or even weeks old. To the contrary, according to the affidavit, it was within the previous 72 hours that the CI claimed to have seen Young with marijuana and the firearm at his residence. Moreover, while Young is correct that five days intervened between when the warrant was issued and when it was executed, this period is not so long as to diminish the indicia of probable cause presented in the warrant. *See Koerth*, 312 F.3d at 870 ("It is beyond dispute that drug traffickers are often armed and dangerous, and it is well-known that in the case of drug dealers, evidence is likely to be found where the dealers live.")(internal quotation marks and citations omitted).

In the end, the search warrant affidavit in this case might not be described as a model search warrant affidavit. But, in my opinion, the judicial officer issuing the warrant had a substantial basis for concluding that, under the totality of the circumstances, probable cause existed to believe the contraband or evidence of the crime sought would be found at 3748 North 40th St. *See Gates,* 462 U.S. at 236.

7

Because the court has determined the warrant to have been issued on probable cause, there is no need to address the good faith reliance issue, i.e., whether the officers could have reasonably believed that the facts set forth in the affidavit were sufficient to support a judicial officer's finding of probable cause. *See United States v. Leon*, 468 U.S. 897, 920-24, 104 S. Ct. 3405, 82 L. Ed.2d 677 (1984).

In conclusion, it will be recommended that the defendant's motion to suppress be denied.

**NOW THEREFORE IT IS RECOMMENDED** that the defendant's motion to suppress be **DENIED**;

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any recommendation herein or part thereof may be filed within ten days of the date of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

**SO ORDERED** this 22nd day of May 2009, at Milwaukee, Wisconsin.

s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

8