# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA**
        **Plaintiff,**

    **v.**                       **Case No. 09-CR-86**

**IRVIN YOUNG**
        **Defendant.**

---

## DECISION AND ORDER

Defendant Irvin Young filed a motion to suppress evidence seized from his residence pursuant to a search warrant, as well as a statement he later gave to law enforcement as fruit of the unlawful search. The magistrate judge handling pre-trial proceedings in this case reviewed the warrant application, concluded that it supported probable cause to issue the warrant, and thus recommended that the motion be denied. Defendant objects, but on de novo review pursuant to Fed. R. Crim. P. 59(b)(3) I likewise conclude that the warrant was supported by probable cause. Therefore, the motion will be denied.

### I.

Where, as here, the applying officer's affidavit is the only evidence presented to the warrant-issuing magistrate, the warrant must stand or fall solely on the contents of the affidavit. United States v. Koerth, 312 F.3d 862, 866 (7th Cir. 2002). The affidavit in this case, from Milwaukee Police Officer Jon Osowski, states in pertinent part as follows:

> 4) The affiant was informed by a confidential informant, who wishes to remain anonymous, that within the last 72 hours, the confidential informant has personally observed a large long barrel revolver along with several amounts of marijuana, in the residence at 3748 North 40th Street in the possession of Irvin B. Young; Black Male 09-19-1971. The confidential informant states that it [sic]

is familiar with weapons and affiant confirmed through interrogation of the informant that the informant had a sound understanding of firearms basics and knew the difference between semi-automatic weapons, revolvers, rifles, shotguns and non-firearm weapons like compressed air guns. The informant stated that it [sic] observed Irvin B. Young; with the revolver in his possession while at the residence packaging marijuana into plastic bags for sales on the street. The informant states that Young uses the weapon for protection, and the furtherance of the drug operation conducted out of the residence and during delivery of cocaine, marijuana, and ecstasy. The informant knew the marijuana was marijuana because it [sic] has used, sold, and packaged marijuana in the past.

5) The affiant believes that the informant is a credible person because the informant is giving law enforcement officer information directly corroborated by the knowledge and past experience of the law enforcement officer. The informant further provides the name and physical description of Irvin B. Young and address (residence) of 3748 N. 40th St. And suspect's auto's [sic] he drives a 1998 Chevrolet Blazer dark green in color with a Wisconsin Green Bay Packer license plate of 29980G observed by the affiant parked in the side driveway at the residence at 3748 N. 40th St. on 2-11-09. A 2000 Dodge Intrepid silver in color registered to Irvin B. Young B/M 09-19-1971 at 3748 N. 40th St. observed parked on the street in front of the residence on 2-12-09. The Informant has no pending criminal cases and was not promised anything for this information. The informant has provided the affiant and other law enforcement agents information over the last 3 years that has led to the arrest and conviction of several individuals for felony offenses and recovery of firearms, narcotics, in the City of Milwaukee and assisted affiant and other Officers in the State of Wisconsin on pending investigations. The informant has provided the affiant information that has led to the issuance of over 50 search warrants and the type of evidence was recovered [sic] at the particular locations provided by the informant has led to criminal charges and convictions in state and federal court.

6) Affiant knows that firearms are not readily destroyed and that they remain in close proximity to individuals engaged in drug dealing and criminal enterprises to protect "turf" or a residence they control for the sales of narcotics and to protect themselves during drug sales transactions from the threat of robbery by customers or rival drug dealers. Affiant investigation and records check with the Milwaukee County Sheriff confirmed that Irvin B. Young, B/M 09-19-1971 is a convicted felon from Milwaukee County cases 2003CF00936 Manufacture/Deliver Marijuana (>1000-2500 grams) case 2001CF006787 Possession with Intent to Deliver Marijuana (<500 grams) and another felony drug case 1996CF961773. Affiant conducted a records check with the Wisconsin Department of Transportation and Irvin B Young; B/M 09-19-1971 provided the address of 3748 N. 40th St. as his home on his valid drivers license.

7) That affiant knows that 3748 N. 40th St. is a single-family two story residence

2

with white and gray siding and light red and grey asphalt shingles[.] [T]he numbers 3748 are affixed to the residence to the right of the west facing front black security door. The residence is located in the City of Milwaukee, County of Milwaukee, State of Wisconsin.

(Osowski Aff. [R. 9 attachment 1] ¶¶ 4-7.)

## II.

Probable cause to issue a warrant exists when the warrant application alleges facts sufficient to induce a reasonably prudent person to believe that a search will uncover evidence of a crime. United States v. Peck, 317 F.3d 754, 756 (7th Cir. 2003). The Supreme Court has explained that:

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

Illinois v. Gates, 462 U.S. 213, 238 (1983).

The reviewing court considers the application in a realistic and common sense manner in order to determine whether it alleges specific facts and circumstances that would permit the issuing magistrate to reasonably conclude that the evidence sought to be seized was associated with the crime alleged and located in the place indicated. Koerth, 312 F.3d at 866-67. The reviewing court should give the magistrate's determination of probable cause considerable weight and resolve doubtful cases in favor of upholding the warrant. United States v. Quintanilla, 218 F.3d 674, 677 (7th Cir. 2000).

Where the warrant application is supported by an informant's tip, the reviewing court considers (1) whether the informant personally observed the events, (2) the degree of detail shown in the informant's statements, (3) whether the police independently corroborated the

3

information, (4) the interval of time between the events and application for a warrant, and (5) whether the informant appeared in person before the judicial officer who issued the warrant. United States v. Mykytiuk, 402 F.3d 773, 776 (7th Cir. 2005). No single factor is dispositive, and a deficiency in one may be compensated for by a strong showing in another or by some other indication of reliability. E.g., Peck, 317 F.3d at 756; United States v. Brack, 188 F.3d 748, 756 (7th Cir. 1999); see also United States v. Gilbert, 45 F.3d 1163, 1166 (7th Cir. 1995) ("Reliability may be shown by the informant's past record of reliability, through independent confirmation or personal observation by the police, or by other methods.").

The instant application was sufficient for the issuing state court commissioner to find probable case. The informant made first-hand observations of defendant's firearm and drug possession, within seventy-two hours of the warrant application. S/he also provided defendant's name, address and physical description, and described the two cars he drove. While the informant could have provided more detail about the contraband, s/he did describe the type of firearm – a long barrel revolver – and the type of controlled substance – marijuana – observed in defendant's residence. Officer Osowski confirmed that the informant had a sound understanding of firearms and was familiar with marijuana based on his/her history of using, selling and packaging it. Osowski corroborated defendant's address with the Department of Transportation and ran a record check, learning that defendant was a convicted felon. Osowski further corroborated the informant's information about the cars defendant drove, personally observing both outside the target residence. While this alone did not provide significant corroboration of the informant's allegations of current criminal activity, Osowski demonstrated that the informant had a strong track record of reliability in such matters, providing information used to acquire over fifty search warrants with the evidence recovered

4

leading to convictions in state and federal courts. Finally, Osowski stated that the informant had no pending cases and was promised nothing in exchange for this information.

Defendant argues that while the informant made his/her observations within seventy-two hours of the application, the officers waited five days to execute the warrant, diminishing the likelihood that contraband would be found. However, when the warrant targets non-fungible items like firearms, passage of time is less important. See United States v. Harju, 466 F.3d 602, 608 (7th Cir. 2006) ("Here, by contrast, only three weeks had elapsed since the gun had been seen in Mr. Harju's possession on his property, and, unlike small amounts of drugs or cash, the gun was not likely to have been sold (or consumed) during that period of time.").

Defendant also compares his case to Koerth, in which the court found a lack of probable cause, despite (arguably) more specific information than in this case. However, unlike in Koerth, the informant in the present case had a long track record of reliability. See Koerth, 312 F.3d at 867-68 (noting that the informant there was of unknown reliability). Similarly, the informant in Peck, a case on which defendant also relies, lacked a proven history of reliability. See Peck, 317 F.3d at 756-57.[1] The informant's reliability here is further enhanced by the fact that s/he was not, through the provision of this information, seeking to work off some pending charge. These factors compensate for any lack of detail.

For all of these reasons and those stated by the magistrate judge, I find that probable cause supported this warrant. Because I so find, I need not address the government's alternate argument that the search should be upheld under the good faith exception. See United States v. Leon, 468 U.S. 897 (1984).

---

[1]The court ultimately upheld the searches in Koerth and Peck under the good faith doctrine.

5

**III.**

**THEREFORE, IT IS ORDERED** that the magistrate judge's recommendation is adopted, and defendant's motion to suppress (R. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that this matter is scheduled for **CHANGE OF PLEA** on **Thursday, July 9, 2009, at 3:30 p.m.**

Dated at Milwaukee, Wisconsin, this 29th day of June, 2009.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge

6